Mario Vélez Durán, Plaintiff and Appellee, *v.* The Royal Bank of Canada, Defendant and Appellant.

No. 9203. Argued March 6, 1946.—Decided April 29, 1946.

*Brown, Newsom & Córdova* for appellant. *Mario Báez García* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This is an action for the recovery of double compensation for alleged ninth hours which the appellee worked daily for the appellant bank from 1935 to 1941. On appeal from the municipal court the District Court of Mayagüez granted a complaint for the whole claim filed by plaintiff amounting to $2,169.59 according to a memorandum which was attached to the complaint. In answering one of the errors assigned by the appellant, appellee himself admits in his brief before this court that said amount is incorrect in so far as it represents a computation based on "four times the normal wage" for each alleged ninth hour, instead of the double compensation to which he would be entitled pursuant to the Act, and consents that the judgment appealed from be modified by reducing the compensation to $1,089.79, that is, one-half of the amount claimed and awarded. Assuming that the plaintiff should have proved that his claim was correct, a mere arithmetical operation would have revealed to the lower court that it should not have granted, as it did, a compensation based on

four times the normal wage. We are confronted at the threshold, therefore, with a case wherein the trial court has shown little care in the weighing of the evidence by accepting as true the total amount claimed by the plaintiff, according to the memorandum attached to the complaint. Let us see whether this was the only error committed by the court.

Plaintiff claimed double compensation for the ninth hours which he worked as an employee of the Royal Bank of Canada, Mayagüez Branch, during *every* working day from November 14, 1935, until December 19, 1941. In support of his complaint he presented oral evidence consisting of his own testimony and those of witnesses Raúl Maya, ex-employee of the bank, Bartolo Rivera, accountant, Marcos A. Rodríguez, Supervisor of the Department of Labor, and Juan Vázquez, watchman of several firms of Mayagüez. The plaintiff and Raúl Maya testified, without objection, that the plaintiff, as employee of the bank, worked every day for more than eight hours, sometimes until very late at night, from 1935 to 1941. The other witnesses testified that they saw the plaintiff working occasionally after 6:30 P.M.

Defendant presented oral and documentary evidence. The latter consisted, among other things, of plaintiff's time sheets from October 31, 1938, to August 28, 1942, prepared daily by plaintiff himself and approved by Mr. Zegarra, the bank accountant, in which plaintiff set forth the hours that he worked daily during said period of time. It presented the same evidence as to the work performed by witness Raúl Maya from December 26, 1938, to February 18, 1939.

Both the evidence of the plaintiff and that of the defendant showed that the parties had agreed that the plaintiff should work on an eight-hour basis every day. The wage, therefore, would only cover those eight hours and according to our decisions in *Cardona* v. *District Court,* 62 P.R.R. 59, and *Muñoz* v. *District Court,* 63 P.R.R. 226, he was entitled to receive double compensation for the ninth hours worked.

914

■■ In plaintiff's time sheets it appears that he stated that he worked more than eight hours in at least one hundred and one days. Notwithstanding this, the lower court did not believe that evidence because, as it alleged, plaintiff's testimony as well as that of witness Maya showed that the bank compelled them to sign said time sheets establishing that they worked eight hours and if they refused to do so they were discharged from their work and that this testimony was corroborated by Mr. Zegarra, the bank accountant. The latter testified that said records were required by the Federal Fair Labor Standards Act and that the bank required every employee to fill them out personally. As to the fact that plaintiff stated in those records that he only worked eight hours daily, a mere reading of said documents would have convinced the lower court that, as we already pointed out, at least for more than a hundred days he had worked extra hours. No evidence was introduced tending to show that the entries made by plaintiff in the time sheets were false or that he had been discharged because he had stated therein whenever he had worked more than eight hours. The court erred in disregarding and refusing to believe this evidence.

Now, since these time sheets covered the period from October 31, 1938, to August 28, 1942, and the plaintiff limited his action from 1935 until December 19, 1941—for he admits that the bank has paid him the extra hours from December 19, 1941, to August 28, 1942—it follows that during said period plaintiff worked more than eight hours daily on 73 occasions, the compensation to which he was entitled varying in accordance with the annual salary which he received at different times. Let us see.

According to his time sheets, plaintiff was receiving an annual salary of $900, that is, $75 monthly or $2.50 daily at the rate of $0.31¼ per hour, from October 31, 1938, until January 10, 1939. He worked 20 5/6 ninth hours which at the double rate of $0.62½ per hour, makes a total of $13.02.

From June 12, 1939, to May 11, 1940, he received an annual salary of $950, that is, $79.16 monthly, or $2.64 daily at the rate of $0.329 per hour. He worked 18¾ ninth hours which at the rate of $0.658 per hour makes a total of $12.34.

From May 13, 1940, to May 24, 1941, his annual salary was $1,000, that is, $83.33 monthly, or $2.77 daily at the rate of $0.346 per hour. He worked 10 ninth hours which at the rate of $0.692 per hour makes a total of $6.92.

From May 26, 1941, to December 19, 1941, his annual salary was $1,100, that is, $91.66 monthly, or $3.05 daily at the rate of $0.381 per hour. He worked 23¾ ninth hours which at the rate of $0.762 per hour makes a total of $18.10. Therefore, during the period covered by the time sheets plaintiff was entitled to receive $50.38 for the ninth hours which he worked.

Now, plaintiff's evidence as to the period covered between November 14, 1935, to October 20, 1938, not included in the time sheets, was, without exception, to the effect, that, as we noted, he worked every day for at least nine hours, the same as he did during the period covered by said time sheets. If these records kept by plaintiff himself show that this is not true as to the period covered therein, what ground is there in the rest of the evidence to determine accurately how many ninth hours plaintiff worked during the period not covered by the time sheets? Witnesses Rivera, Rodríguez, and Vázquez merely testified that they saw plaintiff working on many occasions after 6:30 in the afternoon but they could not specify how many days during all those years they saw him working and whether plaintiff had worked prior to said hour the eight working hours. This evidence is not sufficient to suppport plaintiff's claim. Although it is the duty of the courts to protect the workmen or employees in their reasonable claims for wages where it is shown that the employer has failed to pay them, they are not justified in granting claims that have not been duly proved.

The judgment appealed from must be modified by reducing the amount to $50.38 plus legal interest from January 30, 1945, when judgment was rendered in the lower court, together with costs without including attorney's fees, and as so modified, the judgment is affirmed.

Mr. Justice Córdova did not participate herein.